FILED · SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL 2 4 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. SACV 09-0770 DOC (ANx) |
| Plaintiff, | |
| v. | |
| LUCASLAWCENTER "INCORPORATED", a corporation, also d/b/a Lucas Law Center; | [~~proposed~~] PRELIMINARY INJUNCTION ORDER FREEZING ASSETS, APPOINTMENT OF PERMANENT RECEIVER AND OTHER EQUITABLE RELIEF |
| FUTURE FINANCIAL SERVICES, LLC, a limited liability company, also d/b/a Lucas Law Center; | |
| PAUL JEFFREY LUCAS, an individual; | |
| CHRISTOPHER FRANCIS BETTS, an individual; and | |
| FRANK SULLIVAN, an individual, | Date: August 24 2009 |
| Defendants. | Time: 8:30 A.M. |
| | Courtroom 9D |

Plaintiff, the Federal Trade Commission ("FTC" or "Plaintiff"), having filed its Complaint for Injunctive and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and having filed its *Ex Parte* Motion and Incorporated Supporting Memorandum for a Temporary Restraining Order with Asset Freeze, Temporary Receiver and Immediate Business Access, and Order to Show Cause why a Preliminary

1  Injunction Should not Issue ("Motion for TRO"), pursuant to Rule 65(b) of the

2  Federal Rules of Civil Procedure, and the Court, having considered the Complaint,

3  the Motion for TRO, memorandum in support thereof, declarations, and

4  appendices, filed in support thereof, and now being advised in the premises, finds

5  that:

6      1.    This Court has jurisdiction over the subject matter of this case, and

7      over all the parties, and venue in this district is proper;

8      2.    There is good cause to believe that Defendants LucasLawCenter

9      "incorporated" ("Lucas Law Center"), Future Financial Services, LLC

10     ("Future Financial Services"), Paul Jeffrey Lucas ("Lucas"), Christopher

11     Francis Betts ("Betts"), and Frank Sullivan ("Sullivan") have engaged in and

12     are likely to engage in acts that violate Section 5(a) of the FTC Act, 15

13     U.S.C. § 45(a), and that Plaintiff is likely to prevail on the merits of this

14     action;

15     3.    There is good cause to believe that immediate and irreparable harm

16     will result from Defendants' ongoing violations of the FTC Act unless

17     Defendants are restrained and enjoined by Order of this Court;

18     4.    There is good cause to believe that immediate and irreparable damage

19     to the Court's ability to grant effective final relief for consumers – including

20     rescission or reformation of contracts, restitution, the refund of monies paid,

21     and the disgorgement of ill-gotten monies – will occur from the sale,

22     transfer, or other disposition or concealment by Defendants of assets or

23     records, and that therefore in accordance with Fed. R. Civ. P. 65(b), the

24     interests of justice require that this Order be granted;

25     5.    Good cause exists for the appointment of a Permanent Receiver over

26     corporate Defendants Lucas Law Center and Future Financial Services;

27     6.    Weighing the equities and considering Plaintiff's likelihood of

28     ultimate success on the merits, a Preliminary Injunction with asset freeze,

1   the appointment of a Permanent Receiver, and other equitable relief is in the

2   public interest;

3       7.    There is good cause for issuing this Preliminary Injunction pursuant to

4   Rule 65(b) of the Federal Rules of Civil Procedure; and

5       8.    No security is required of any agency of the United States for issuance

6   of a restraining order.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

8       For purposes of this Preliminary Injunction ("Order"), the following

9   definitions shall apply:

10       A.    "**Asset**" means any legal or equitable interest in, right to, or claim to,

11   any real and personal property, including, but not limited to, "goods,"

12   "instruments," "equipment," "fixtures," "general intangibles," "inventory,"

13   "checks," "notes" (as these terms are defined in the Uniform Commercial Code),

14   and all chattel, leaseholds, contracts, mail or other deliveries, shares of stock, lists

15   of consumer names, accounts, credits, premises, receivables, funds, cash, cashier's

16   checks, teller's checks, money orders, and merchant accounts wherever located.

17       B.    "**Assisting others**" means knowingly providing any of the following

18   goods or services to another entity:  (1) performing customer service functions,

19   including, but not limited to, receiving or responding to consumer complaints; (2)

20   formulating or providing, or arranging for the formulation or provision of, any

21   marketing material; (3) providing names of, or assisting in the generation of,

22   potential customers; or (4) performing marketing or billing services of any kind.

23       C.    "**Defendants**" means LucasLawCenter "incorporated," Future

24   Financial Services, LLC, Paul Jeffrey Lucas, Christopher Francis Betts, and Frank

25   Sullivan, and each of them, by whatever names each might be known by, as well as

26   their successors and assigns, whether acting directly or through any corporation,

27   subsidiary, division, or other device, including, but not limited to, fictitious

28   business names.

1    D.    **"Document"** is synonymous in meaning and equal in scope to the

2  usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings,

3  drawings, graphs, charts, photographs, audio and video recordings, computer

4  records, and other data compilations from which the information can be obtained

5  and translated, if necessary, through detection devices into reasonably usable form.

6  A draft or non-identical copy is a separate document within the meaning of the

7  term.

8    E.    **"Individual Defendants"** refers to Defendants Paul Jeffrey Lucas,

9  Christopher Francis Betts, and Frank Sullivan .

10    F.    **"Material fact"** means any fact that is likely to affect a person's

11  choice of, or conduct regarding, goods or services.

12    G.    **"Mortgage loan modification service"** means any service, product,

13  or program that is represented, expressly or by implication, to assist a consumer in

14  any manner to: (A) obtain or arrange a modification of any term of a home loan,

15  deed of trust, or mortgage; (B) obtain or arrange a refinancing, recapitalization, or

16  reinstatement of a home loan, deed of trust, or mortgage; (C) obtain or arrange a

17  pre-foreclosure sale, short sale, or deed-in-lieu of foreclosure; (D) stop, prevent, or

18  postpone any home mortgage or deed of trust foreclosure sale; (E) obtain any

19  forbearance from any beneficiary or mortgagee; (F) obtain a loan or advance of

20  funds that is connected to the consumer's home ownership; (G) avoid or ameliorate

21  the impairment of the consumer's credit standing, credit rating, or credit profile;

22  (H) examine, audit, or evaluate any term of a home loan, deed of trust, or

23  mortgage; or (I) save the consumer's residence from foreclosure.

24    H.    **"Person"** means a natural person, organization, or other legal entity,

25  including a corporation, partnership, proprietorship, association, cooperative, or

26  any other group or combination acting as an entity.

27    I.    **"Plaintiff"** means the Federal Trade Commission.

28

1     J.      **"Receivership Defendants"** refers to Defendants LucasLawCenter

2   "incorporated" and Future Financial Services, LLC, as well as any successors,

3   assigns, affiliates, and subsidiaries that conduct any business related to Lucas Law

4   Center's or Future Financial Services's mortgage loan modification and which the

5   Permanent Receiver has reason to believe are owned or controlled in whole or in

6   part by any of the Defendants.

7     K.      **"Permanent Receiver"** refers to Robb Evans & Associates, LLC.

8     L.      **"Confidential Records"** means all client files of any of the

9   Receivership Defendants, and all other documents and electronic records which

10  disclose the name of any client of any of the Receivership Defendants or any

11  personal data identifiers, as defined in Local Rule 79-5.4.

12                                     <u>**ORDER**</u>

13              <u>**PROHIBITIONS AND CONDUCT REQUIREMENTS**</u>

14  **I.   INJUNCTION AGAINST MISREPRESENTATIONS**

15              **IT IS THEREFORE ORDERED** that Defendants and their successors,

16  assigns, members, officers, agents, servants, employees, and attorneys, and those

17  persons or entities in active concert or participation with them who receive actual

18  notice of this Order by personal service, facsimile transmission, email, or

19  otherwise, whether acting directly or through any corporation, subsidiary, division,

20  or other device, in connection with the advertising, marketing, promotion, offering

21  for sale, or sale of any mortgage loan modification service, are restrained and

22  enjoined from falsely representing, or from assisting others who are falsely

23  representing, expressly or by implication, any of the following:

24        A.    That any Defendant or any other person will

25              1.    Obtain or arrange a modification of any term of a consumer's

26                    home loan, deed of trust, or mortgage, including any

27                    recapitalization or reinstatement agreement;

28

2.     Obtain or arrange a pre-foreclosure sale, short sale, or deed-in-lieu of foreclosure;

3.     Stop, prevent, or postpone any home mortgage foreclosure sale;

4.     Save any consumer's residence from foreclosure;

5.     Obtain or arrange lower or affordable monthly mortgage payments for any consumer;

6.     Obtain or arrange lower interest rates on any home loan, deed of trust, or mortgage for any consumer;

7.     Obtain or arrange a reduction of the principle balance on any home loan, deed of trust, or mortgage for any consumer;

8.     Give a full or partial refund of any fees paid if the Defendant or any other person fails to provide a mortgage loan modification service;

B.     The terms that any beneficiary, mortgagee, or other home loan holder will or is likely to offer or accept to cure any delinquency or default on, or to reinstate or modify, any mortgage, deed of trust, or other home loan;

C.     The amount of time it will take or is likely to take for any Defendant or any other person to obtain or arrange a modification of any term of a consumer's home loan, deed of trust, or mortgage, including any recapitalization or reinstatement agreement;

D.     The refund policy of any Defendant or any other person, including but not limited to the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer; or

E.     Any other material fact.

## II.  RESTRICTION ON COLLECTION OF ADVANCE FEES

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, members, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with them who receive actual

notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any mortgage loan modification service, are restrained and enjoined from requesting or receiving payment of any fee or consideration in advance of performing each and every mortgage loan modification or foreclosure relief service that Defendants contracted to perform or represented would be performed.

## III.  DISABLEMENT OF DEFENDANTS' WEB SITES

**IT IS FURTHER ORDERED** that, immediately upon service of this Order upon them, Defendants and each of their successors, assigns, members, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, and any other person or entity served with a copy of this Order, shall:

A.    Immediately do whatever is necessary to ensure that any Web site used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of any mortgage loan modification services, and containing statements or representations prohibited by Paragraph I. of this Order, including, but not limited to, **www.lucaslawcenter.com** or **www.oclawoffices.us**, cannot be accessed by the public;

B.    Prevent the destruction or erasure of any Web site used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of any mortgage loan modification services, including, but not limited to, **www.lucaslawcenter.com** or **www.oclawoffices.us**, by preserving such Web sites in the format in which they are maintained currently; and

1    C.    Immediately notify counsel for the FTC of any other Web sites

2  operated or controlled by Defendants.

3  **IV.  POSTING NOTICE OF LAWSUIT ON WEB SITES**

4    **IT IS FURTHER ORDERED** that, immediately upon service of this Order

5  upon them, Defendants and each of their successors, assigns, members, officers,

6  agents, servants, employees, attorneys, and those persons in active concert or

7  participation with them who receive actual notice of this Order by personal service

8  or otherwise, whether acting directly or through any entity, corporation, subsidiary,

9  division, affiliate, or other device, and any other person or entity served with a

10 copy of this Order, shall immediately take whatever action is necessary to ensure

11 that any Web site disabled as ordered by Paragraph IV.A. of this Order, shall

12 prominently display only the following statement:

13    The Federal Trade Commission ("FTC") has filed a lawsuit against
      LucasLawCenter "incorporated", Future Financial Services, LLC,
14    Paul Jeffrey Lucas, Christopher Francis Betts, and Frank Sullivan,
      doing business as **Lucas Law Center**, alleging that they have engaged
15    in deceptive practices relating to the advertising, marketing,
      promotion, offering for sale, sale, or provision of mortgage loan
16    modification services.  The United States District Court for the
      Central District of California has issued a Preliminary Injunction
17    Order prohibiting the alleged practices.  You may obtain additional
      information directly from the Permanent Receiver, Robb Evans &
18    Associates, LLC, or the Federal Trade Commission.

19    Each Web site carrying this message shall also provide a hypertext link to

20 the FTC's Web page at www.ftc.gov, or other Web page designated by counsel for

21 the FTC.

22 **V.  FREEZING DOMAIN NAME REGISTRATION**

23    **IT IS FURTHER ORDERED** that pending determination of Plaintiff's

24 request for a Permanent Injunction, Register.com, Inc., headquartered in New

25 York, New York, and GoDaddy.com, Inc., headquartered in Scottsdale, Arizona,

26 and any other domain name registrar shall:

27    A.    Immediately freeze and place a hold on, to prevent the change,

28 modification, assignment, sale, lapse, or expiration of, the domain name

Case 8:09-cv-00770-DOC-AN   Document 50-2   Filed 07/29/2009   Page 9 of 66

1   registration of www.lucaslawcenter.com or www.oclawoffices.us, and any other

2   domain name registered to Defendants that is used for the marketing, advertising,

3   promotion, offering for sale, sale, or provision of mortgage loan modification

4   services; and

5      B.    Immediately notify counsel for the FTC of any other domain name

6   registrations or Web sites operated or controlled by Defendants.

7              **ASSET AND RECORD RETENTION**

8   **VI. ASSET FREEZE**

9      **IT IS FURTHER ORDERED** that Defendants and their successors,

10  assigns, members, officers, agents, servants, employees, and attorneys, and those

11  persons or entities in active concert or participation with them who receive actual

12  notice of this Order by personal service, facsimile transmission, email, or

13  otherwise, whether acting directly or through any corporation, subsidiary, division,

14  or other device, are restrained and enjoined from:

15     A.    Transferring, converting, encumbering, selling, concealing,

16  dissipating, disbursing, assigning, spending, withdrawing, perfecting a security

17  interest in, or otherwise disposing of any funds, real or personal property, accounts,

18  contracts, shares of stock, lists of consumer names, or other assets, wherever

19  located, including outside the United States, that are:

20          1.    owned or controlled by, or held for the benefit of, directly or

21          indirectly, any of the Defendants, in whole or in part;

22          2.    in the actual or constructive possession of Defendant;

23          3.    held by an agent of any of the Defendants as a retainer for the

24          agent's provision of services to Defendants; or

25          4.    owned or controlled by, or in the actual or constructive

26          possession of or otherwise held for the benefit of, any corporation,

27          partnership, or other entity directly or indirectly owned, managed, or

28          controlled by any of the Defendants, including, but not limited to, any

1          assets held by, for, or subject to access by, any of the Defendants at

2          any bank or savings and loan institution, or with any broker-dealer,

3          escrow agent, title company, commodity trading company, precious

4          metal dealer, or other financial institution or depository of any kind;

5     B.     Opening or causing to be opened any safe deposit boxes titled in the

6 name of any of the Defendants, or subject to access by any of the Defendants;

7     C.     Obtaining a personal or secured loan encumbering the assets of any of

8 the Defendants, or subject to access by any of the Defendants;

9     D.     Incurring liens or other encumbrances on real property, personal

10 property, or other assets in the name, singly or jointly, of any of the Defendants or

11 of any corporation, partnership, or other entity directly or indirectly owned,

12 managed, or controlled by any of the Defendants;

13     E.     Incurring charges or cash advances on any credit card or prepaid

14 debit, credit or other bank card, issued in the name, singly or jointly, of any of the

15 Defendants or any corporation, partnership, or other entity directly or indirectly

16 owned, managed, or controlled by any of the Defendants; and

17     F.     Failing to disclose to Plaintiff, immediately upon service of this

18 Order, information that fully identifies each asset of the Defendants, and each

19 entity holding such asset, including, without limitation, the entity's name, address,

20 and telephone number, the number of the account, and the name under which the

21 account is held.

22     **IT IS FURTHER ORDERED** that the assets affected by this Paragraph

23 shall include both existing assets and assets acquired after the effective date of this

24 Order.

25 **VII. DUTIES OF ASSET HOLDERS**

26     **IT IS FURTHER ORDERED** that any financial or brokerage institution,

27 business entity, or person served with a copy of this Order that holds, controls, or

28 maintains custody of any account or asset of any of the Defendants, or has held,

1  controlled, or maintained custody of any such account or asset at any time **since**
2  **May 1, 2008,** shall:

3       A.    Hold and retain within its control and prohibit the withdrawal,
4  removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation,
5  conversion, sale, or other disposal of any such asset except by further order of this
6  Court;

7       B.    Deny Defendants access to any safe deposit box that is:

8            1.    titled in the name of any of the Defendants, either individually,
9            jointly, or doing business as Lucas Law Center or Future Financial
10           Services; or

11           2.    otherwise subject to access by any of the Defendants;

12      C.    Provide the FTC counsel, and the Permanent Receiver with respect to
13 assets held on behalf of any of the Receivership Defendants, within three (3)
14 business days of receiving a copy of this Order, a sworn statement setting forth:

15           1.    the identification number of each account or asset titled in the
16           name of any of the Defendants, individually, jointly, or doing business
17           as Lucas Law Center or Future Financial Services, or held on behalf
18           of, or for the benefit of, any of the Defendants;

19           2.    the balance of each account, or a description of the nature and
20           value of each asset as of the close of business on the day on which this
21           Order is served, and, if the account or other asset has been closed or
22           removed, the date closed or removed, the total funds removed in order
23           to close the account, and the name of the person or entity to whom the
24           account or other asset was remitted; and

25           3.    the identification of any safe deposit box that is either titled in
26           the name, individually or jointly, of any of the Defendants,
27           individually, jointly, or doing business as Lucas Law Center or Future

28

Financial Services, or is otherwise subject to access by any of the

Defendants; and

D.      Upon the request of the FTC, or by the Permanent Receiver with

respect to assets held on behalf of any of the Receivership Defendants, promptly

provide FTC counsel with copies of all records or other documentation pertaining

to the account or asset, including, but not limited to, originals or copies of account

applications, account statements, signature cards, checks, drafts, deposit tickets,

transfers to and from the accounts, all other debit and credit instruments or slips,

currency transaction reports, 1099 forms, and safe deposit box logs.  Any  financial

institution, account custodian, or other aforementioned entity may arrange for the

FTC to obtain copies of any  records which the FTC seeks.

## VIII.  REPATRIATION OF ASSETS AND DOCUMENTS LOCATED IN FOREIGN COUNTRIES

**IT IS FURTHER ORDERED** that Defendants and their successors,

assigns, members, officers, agents, servants, employees, and attorneys, and those

persons or entities in active concert or participation with them who receive actual

notice of this Order by personal service, facsimile transmission, email, or

otherwise, whether acting directly or through any corporation, subsidiary, division,

or other device, shall:

A.      Immediately and continually take  steps as are necessary to transfer to

the territory of the United States of America all documents and assets that are

located outside of  territory and are held by or for Defendants or are under

Defendants' direct or indirect control, jointly, severally, or individually;

B.      Unless already completed pursuant to the Temporary Restraining

Order entered by this Court, within three (3) business days following entry of this

Order, provide Plaintiff and the Permanent Receiver with respect to assets held on

behalf of any of the Receivership Defendants, with a full accounting of all

documents and assets that are located outside of the territory of the United States of

Case 8:09-cv-00770-DOC-AN     Document 50-2     Filed 07/29/2009     Page 13 of 66

1  America and are held by or for Defendants or are under Defendants' direct or

2  indirect control, jointly, severally, or individually; and

3        C.     Hold and retain all transferred documents and assets and prevent any

4  transfer, disposition, or dissipation whatsoever of any  assets or funds.

5  **IX. INTERFERENCE WITH REPATRIATION**

6        **IT IS FURTHER ORDERED** that Defendants and each of their successors,

7  assigns, members, officers, agents, servants, employees, attorneys, and those

8  persons in active concert or participation with them who receive actual notice of

9  this Order by personal service or otherwise, whether acting directly or through any

10  entity, corporation, subsidiary, division, affiliate, or other device, are restrained

11  and enjoined from taking any action, directly or indirectly, which may result in the

12  encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation

13  required by Paragraph VIII. of this Order, including, but not limited to:

14        A.     Sending any statement, letter, fax, email or wire transmission,

15  telephoning, or engaging in any other act, directly or indirectly, that results in a

16  determination by a foreign trustee or other entity that a "duress" event has occurred

17  under the terms of a foreign trust agreement until such time as all assets have been

18  fully repatriated pursuant to Paragraph VIII. of this Order; or

19        B.     Notifying any trustee, protector, or other agent of any of the

20  Defendants of the existence of this Order, or of the fact that repatriation is required

21  pursuant to a Court Order, until such time as all assets have been fully repatriated

22  pursuant to Paragraph VIII. of this Order.

23  **X. FINANCIAL STATEMENTS**

24        **IT IS FURTHER ORDERED** that Defendants shall, within forty-eight (48)

25  hours after entry of this Order, provide the FTC and the Permanent Receiver with:

26  (1) completed financial statements, on the forms attached to this Order as

27  Attachments A and B, for each of the Defendants individually and for each

28  corporation, limited liability company, or other entity of which any of the

Case 8:09-cv-00770-DOC-AN   Document 50-2   Filed 07/29/2009   Page 14 of 66

1   Defendants is an officer, member, or otherwise directs or controls, as of the date of

2   service of this Order upon the Defendants; and (2) access to records and documents

3   pertaining to assets of any of the Defendants that are held by financial institutions

4   outside the territory of the United States of America by signing the "Consent to

5   Release of Financial Records," on the form attached to this Order as Attachment C,

6   if requested by Plaintiff or the Permanent Receiver.

7   **XI.  CONSUMER CREDIT REPORTS**

8          **IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair

9   Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may

10  furnish to the FTC a consumer report concerning any of the Defendants.

11  **XII.  PRESERVATION OF EXISTING RECORDS**

12         **IT IS FURTHER ORDERED** that Defendants and each of their successors,

13  assigns, members, officers, agents, servants, employees, and those persons in

14  active concert or participation with them who receive actual notice of this Order by

15  personal service or otherwise, whether acting directly or through any entity,

16  corporation, subsidiary, division, affiliate, or other device, are restrained and

17  enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or

18  otherwise disposing of, in any manner, directly or indirectly, any contracts,

19  accounting data, correspondence, email, advertisements, computer tapes, discs, or

20  other computerized storage media, books, written or printed records, handwritten

21  notes, telephone logs, telephone scripts, recordings, receipt books, ledgers,

22  personal and business cancelled checks and check registers, bank statements,

23  appointment books, copies of federal, state or local business or personal income or

24  property tax returns, and other documents or records of any kind related to the

25  business practices or business or personal finances of Defendants, individually and

26  jointly.

27         This Paragraph specifically applies to all documents that have been or are

28  displayed on or have been or are accessible from any and all Internet Web sites

1   owned or controlled by any Defendant, including but not limited to any of the Web

2   sites with the following domain names: **www.lucaslawcenter.com** or

3   **www.oclawoffices.us**.

4   **XIII. MAINTENANCE OF CURRENT BUSINESS RECORDS**

5         **IT IS FURTHER ORDERED** that Defendants and each of their successors,

6   assigns, members, officers, agents, servants, employees, and those persons in

7   active concert or participation with them who receive actual notice of this Order by

8   personal service or otherwise, whether acting directly or through any entity,

9   corporation, subsidiary, division, affiliate, or other device, are restrained and

10   enjoined from failing to create and maintain documents that, in reasonable detail,

11   accurately, fairly, and completely reflect Defendants' incomes, disbursements,

12   transactions, and use of money.

13   **XIV. DUTIES OF HOSTS OF DEFENDANTS' COMPUTER EQUIPMENT**

14         **IT IS FURTHER ORDERED** that pending determination of Plaintiff's

15   request for a Permanent Injunction, any person who owns or controls any business

16   premises or other location on which any computer equipment owned or leased by

17   any of the Defendants is located shall:

18         A.    Disconnect any such computer equipment from the Internet and from

19   any other means of remote access by Defendants or any other person, and take no

20   step to reconnect the computer equipment except as authorized by further order of

21   this Court;

22         B.    Deny Defendants and any other person access to the computer

23   equipment except as authorized by further order of this Court;

24         C.    Prevent the removal of the computer equipment from its present

25   location except as authorized by further order of this Court; and

26         D.    Provide counsel for the FTC, within five (5) business days of receipt

27   of a copy of this Order, with a sworn statement disclosing the location of the

28   computer equipment, and describing, to the extent known, the make(s) and

1   model(s) of the computer equipment, as well as the operating system(s) in use, and
2   the number, size, and capacity of any mass storage arrays or devices, in order that
3   the FTC may arrange for imaging of the contents of any such mass storage arrays
4   or devices.

5   **XV. NOTIFICATION OF BUSINESS ACTIVITIES**

6         **IT IS FURTHER ORDERED** that:

7         A.     Each of the Individual Defendants is restrained and enjoined from
8   directly or indirectly creating, operating, or exercising any control over any
9   business entity, including any partnership, limited partnership, joint venture, sole
10   proprietorship or corporation, without first serving on counsel for Plaintiff a
11   written statement disclosing the following: (1) the name of the business entity; (2)
12   the address and telephone number of the business entity; (3) the names of the
13   business entity's officers, directors, principals, managers and employees; and (4) a
14   detailed description of the business entity's intended or actual activities.

15         B.     Each of the Individual Defendants shall notify Plaintiff at least seven
16   (7) days prior to affiliating with, becoming employed by, or performing any work
17   for any business that is not a named Defendant in this action. Each notice shall
18   include the Defendant's new business address and a statement of the nature of the
19   business or employment and the nature of his or her duties and responsibilities in
20   connection with that business or employment.

21   **XVI. PROHIBITION ON RELEASE OF CUSTOMER**
22        **INFORMATION OR CUSTOMER LISTS**

23         **IT IS FURTHER ORDERED** that Defendants, and officers, agents,
24   directors, servants, employees, salespersons, and attorneys of Defendants, as well
25   as all other persons or entities in active concert or participation with them, who
26   receive actual notice of this Order by personal service or otherwise, whether acting
27   directly or through any trust, corporation, subsidiary, division, or other device, or
28   any of them, are restrained and enjoined from selling, renting, leasing, transferring,

1  or otherwise disclosing the name, address, telephone number, social security

2  number, credit card number, bank account number, e-mail address, or other

3  identifying information of any person who paid money to any of the Defendants

4  for the purchase of any good or service or who were contacted or are on a list to be

5  contacted by any of the Defendants; provided that Defendants may disclose such

6  identifying information to a law enforcement agency or as required by any law,

7  regulation, or court order.

8  **RECEIVERSHIP**

9  **XVII.  PERMANENT RECEIVER**

10  **IT IS FURTHER ORDERED** that Robb Evans & Associates, LLC shall

11  continue as permanent receiver ("Permanent Receiver"), with the full power of an

12  equity receiver, for Receivership Defendants Lucas Law Center and Future

13  Financial Services, as well as for any successors, assigns, affiliates, and

14  subsidiaries that conduct any business related to the Defendants' mortgage loan

15  modification services and of all the funds, properties, premises, accounts, and other

16  assets directly or indirectly owned, beneficially or otherwise, by the Receivership

17  Defendants.  The Permanent Receiver shall be the agent of this Court and solely

18  the agent of this Court in acting as Receiver under this Order.  The Permanent

19  Receiver shall be accountable directly to this Court.  The Permanent Receiver shall

20  comply with all Local Rules of this Court governing receivers.

21  **XVIII.  RECEIVERSHIP DUTIES**

22  **IT IS FURTHER ORDERED** that the Permanent Receiver is directed and

23  authorized to perform and accomplish the following:

24  A.   Assume full control of the Receivership  Defendants by removing

25  Defendants Paul Jeffrey Lucas, Christopher Francis Betts, Frank Sullivan, and any

26  other officer, independent contractor, employee, or agent of the Receivership

27  Defendants from control and management of the affairs of the Receivership

28  Defendants;

1        B.     Collect, marshal, and take custody, control, and possession of all the

2 funds, property, premises, accounts, mail, and other assets of, or in the possession

3 or under the control of, the Receivership Defendants, wherever situated, the

4 income and profits, and all sums of money now or hereafter due or owing to the

5 Receivership Defendants with full power to: collect, receive, and take possession

6 of all goods, chattels, rights, credits, monies, effects, lands, leases, books and

7 records, work papers, records of accounts, including computer-maintained

8 information, contracts, financial records, monies on hand in banks and other

9 financial institutions, and other papers and documents of the Receivership

10 Defendants and other individuals or corporations whose interests are now held by

11 or under the direction, possession, custody, or control of the Receivership

12 Defendants;

13        C.     Perform all acts necessary to conserve, hold, manage, and preserve the

14 value of those assets in order to prevent any irreparable loss, damage, and injury to

15 business venture purchasers, and all acts incidental thereto, including the

16 suspension of operations;

17        D.     Perform all acts necessary to ensure that the Receivership Defendants

18 are in compliance with the provisions of this Order, including ceasing all

19 advertising, marketing, offering, or providing mortgage loan modification services,

20 or assisting others in doing the same, which contains any false or misleading

21 statements of material fact or which fail to disclose all information material to a

22 consumer's decision to seek the services of the Defendants;

23        E.     Make best efforts to notify the Receivership Defendants' customers

24 about this Order, such efforts can include posting this Order on the Receivership

25 Defendants' Web sites;

26        F.     Enter into agreements in connection with administration of the

27 receivership, including, but not limited to: (1) the retention and employment of

28 investigators, attorneys or accountants of the Permanent Receiver's choice,

1   including, without limitation, members and employees of the Permanent

2   Receiver's firm, to assist, advise, and represent the receiver; and (2) the movement

3   and storage of any equipment, furniture, records, files or other physical property of

4   the Receivership Defendants; and

5         G.     Institute, prosecute, compromise, adjust, intervene in, or become party

6   to such actions or proceedings in state, federal, or foreign courts that the Permanent

7   Receiver deems necessary and advisable to preserve the value of the properties of

8   the Receivership Defendants or that the Permanent Receiver deems necessary and

9   advisable to carry out the Permanent Receiver's mandate under this Order, and

10   likewise to defend, compromise, or adjust or otherwise dispose of any or all actions

11   or proceedings instituted against the Permanent Receiver or the Receivership

12   Defendants that the Permanent Receiver deems necessary and advisable to preserve

13   the properties of the Receivership Defendants or that the Permanent Receiver

14   deems necessary and advisable to carry out the Permanent Receiver's mandate

15   under this Order.

16   **XIX. RECEIVER'S BOND**

17        **IT IS FURTHER ORDERED** that the Permanent Receiver shall file with

18   the Clerk of this Court a bond in the sum of FIVE THOUSAND DOLLARS, with

19   sureties to be approved by the Court, conditioned that the Permanent Receiver will

20   well and truly perform the duties of the office and abide by and perform all acts the

21   Court directs.

22   **XX. COOPERATION WITH THE PERMANENT RECEIVER**

23        **IT IS FURTHER ORDERED** that Defendants, and their agents, servants,

24   employees, and attorneys, and all persons or entities directly or indirectly under the

25   control of any of them, and all other persons or entities in active concert or

26   participation with any of them who receive actual notice of this Order by personal

27   service or otherwise, and each such person, shall fully cooperate with and assist the

28   Permanent Receiver.  Such cooperation and assistance shall include, but not be

1  limited to, providing any information to the Permanent Receiver that the

2  Permanent Receiver deems necessary to exercising the authority and discharging

3  the responsibilities of the Permanent Receiver under this Order; providing any

4  password required to access any computer or electronic files in any medium; or

5  advising all persons who owe money to the Receivership Defendants that all debts

6  should be paid directly to the Permanent Receiver.

7       Defendants are restrained and enjoined from directly or indirectly:

8       A.    Transacting any of the business of the Receivership Defendants, or

9  transacting business under the name Lucas Law Center or Future  Financial

10  Services, or any substantially similar name;

11       B.    Destroying, concealing, defacing, transferring, or otherwise altering or

12  disposing of any documents of the Receivership Defendants, including, but not

13  limited to, books, records, accounts, or any other papers of any kind or nature;

14       C.    Transferring, receiving, altering, selling, encumbering, pledging,

15  assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in

16  the possession or custody of, or in which an interest is held or claimed by, the

17  Receivership Defendants, or the Permanent Receiver;

18       D.    Excusing debts owed to the Receivership Defendants;

19       E.    Failing to notify the Permanent Receiver of any asset, including

20  accounts, of any Receivership Defendant held in any name other than the name of

21  any Receivership Defendant, or by any person or entity other than the Receivership

22  Defendants, or failing to provide any assistance or information requested by the

23  Permanent Receiver in connection with obtaining possession, custody, or control

24  of such assets; or

25       F.    Doing any act or refraining from any act whatsoever to interfere with

26  the Permanent Receiver's taking custody, control, possession, or managing of the

27  assets or documents subject to this receivership; or to harass or interfere with the

28  Permanent Receiver in any way; or to interfere in any manner with the exclusive

1  jurisdiction of this Court over the assets or documents of the Receivership

2  Defendants; or to refuse to cooperate with the Permanent Receiver or the

3  Permanent Receiver's duly authorized agents in the exercise of their duties or

4  authority under any Order of this Court.

5  **XXI. DELIVERY OF RECEIVERSHIP PROPERTY**

6         **IT IS FURTHER ORDERED** that:

7         A.    Immediately upon service of this Order upon them, or within a period

8  permitted by the Permanent Receiver, Defendants and all other persons in

9  possession, custody, and control of assets or documents of the Receivership

10 Defendants shall transfer or deliver possession, custody, and control of the

11 following to the Permanent Receiver:

12           1.    All assets of the Receivership Defendants;

13           2.    All documents of the Receivership Defendants, including, but

14           not limited to, books and records of accounts, all financial and

15           accounting records, balance sheets, income statements, bank records

16           (including monthly statements, canceled checks, records of wire

17           transfers, and check registers), client lists, title documents, and other

18           papers;

19           3.    All assets belonging to members of the public now held by the

20           Receivership Defendants; and

21           4.    Information identifying the accounts, employees, properties, or

22           other assets or obligations of the Receivership Defendants.

23        B.    In the event any person or entity fails to deliver or transfer any asset

24 or otherwise fails to comply with any provision of this Paragraph, the Permanent

25 Receiver may file, on an *ex parte* basis, an Affidavit of Non-Compliance regarding

26 the failure.  Upon filing of the affidavit, the Court may authorize, without

27 additional process or demand, Writs of Possession or Sequestration or other

28 equitable writs requested by the Permanent Receiver.  The writs shall authorize and

1   direct the United States Marshal or any sheriff or deputy sheriff of any county to

2   seize the asset, document, or other thing and to deliver it to the Permanent

3   Receiver.

4 **XXII. BANKRUPTCY PETITIONS**

5       **IT IS FURTHER ORDERED** that, in light of the asset freeze and

6   appointment of the Permanent Receiver, Defendants are prohibited from filing, or

7   causing to be filed, on behalf of any Receivership Defendant, a petition for relief

8   under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, without prior

9   permission from this Court.

10       **IT IS FURTHER ORDERED** that, in light of the asset freeze, Individual

11   Defendants must give twenty-one (21) days' notice to Plaintiff prior to filing, or

12   causing to be filed, on behalf of the Individual Defendants, a petition for relief

13   under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

14 **XXIII. TRANSFER OF FUNDS TO THE PERMANENT RECEIVER**

15       **IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all

16   banks, broker-dealers, savings and loans, escrow agents, title companies,

17   commodity trading companies, or other financial institutions shall cooperate with

18   all reasonable requests of the Permanent Receiver relating to implementation of

19   this Order, including producing records related to the assets of the Receivership

20   Defendants.

21 **XXIV. STAY OF ACTIONS**

22       **IT IS FURTHER ORDERED** that:

23      A.     Except by leave of this Court, during pendency of the receivership

24   ordered herein, Defendants and all other persons and entities (except for Plaintiff)

25   are stayed from taking any action to establish or enforce any claim, right, or

26   interest for, against, on behalf of, in, or in the name of: a) the Receivership

27   Defendants, or b) any of assets of Receivership Defendants, or c) the Permanent

28

1  Receiver or the Permanent Receiver's duly authorized agents acting in their
2  capacities as such, including, but not limited to, the following actions:

3         1.     Commencing, prosecuting, continuing, entering, or enforcing
4  any suit or proceeding, except that such actions may be filed to toll
5  any applicable statute of limitations;

6         2.     Accelerating the due date of any obligation or claimed
7  obligation; filing or enforcing any lien; taking or attempting to take
8  possession, custody, or control of any asset; attempting to foreclose,
9  forfeit, alter, or terminate any interest in any asset, whether such acts
10  are part of a judicial proceeding, are acts of self-help, or otherwise;

11        3.     Executing, issuing, serving, or causing the execution, issuance
12  or service of, any legal process, including, but not limited to,
13  attachments, garnishments, subpoenas, writs of replevin, writs of
14  execution, or any other form of process whether specified in this
15  Order or not; or

16        4.     Doing any act or thing whatsoever to interfere with the
17  Permanent Receiver taking custody, control, possession, or
18  management of the assets or documents subject to this receivership, or
19  to harass or interfere with the Permanent Receiver in any way, or to
20  interfere in any manner with the exclusive jurisdiction of this Court
21  over the assets or documents of the Receivership Defendants.

22  B.     Paragraph (A) of this Paragraph does not stay:

23        1.     The commencement or continuation of a criminal action or
24  proceeding;

25        2.     The commencement or continuation of an action or proceeding
26  by a governmental unit to enforce such governmental unit's police or
27  regulatory power;

28

3.      The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

4.      The commencement of any action by the Secretary of the United States Department of Housing and Urban Development to foreclose a mortgage or deed of trust in any case in which the mortgage or deed of trust held by the Secretary is insured or was formerly insured under the National Housing Act and covers property, or combinations of property, consisting of five or more living units; or

5.      The issuance to the Receivership Defendants of a notice of tax deficiency.

C.      Except as otherwise provided in this Order, all persons and entities in need of documentation from the Permanent Receiver shall in all instances first attempt to secure the information by submitting a formal written request to the Permanent Receiver, and, if the request has not been responded to within thirty (30) days of receipt by the Permanent Receiver, any such person or entity may thereafter seek an order of this Court with regard to the relief requested.

## XXV. COMPENSATION OF PERMANENT RECEIVER

**IT IS FURTHER ORDERED** that the Permanent Receiver and all personnel hired by the Permanent Receiver as herein authorized, including counsel to the Permanent Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of or which may be received by the Receivership Defendants. The Permanent Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first request filed no more than sixty (60) days after the date of this Order. The

1  Permanent Receiver shall not increase the hourly rates used as the bases for the fee
2  applications without prior approval of the Court.

3  **XXVI.  RECEIVER'S ACCESS TO BUSINESS PREMISES AND RECORDS**
4        **IT IS FURTHER ORDERED** that

5      A.    The Permanent Receiver, and its respective representatives, agents,
6  contractors, or assistants, are permitted, and the Defendants shall allow, immediate
7  access to any business premises and storage facilities of the Receivership
8  Defendants.  The locations include, but are not limited to, the offices and facilities
9  of the Receivership Defendants at or in the vicinity of 65 Enterprise, Suite 450, and
10  75 Enterprise, Suite 180, Aliso Viejo, California.

11      B.    The Permanent Receiver is authorized to employ the assistance of law
12  enforcement officers, including but not limited to the United States Marshals
13  Service, to effect service, to implement peacefully the provisions of this Order, and
14  keep the peace.   The Permanent Receiver may exclude Defendants and their
15  agents and employees from the business premises and facilities.

16      C.    Defendants and all agents or employees of Defendants shall provide
17  the Permanent Receiver with any necessary means of access to documents,
18  including, without limitation, the locations of Receivership Defendants' business
19  premises, keys and combinations to business premises locks, computer access
20  codes of all computers used to conduct Receivership Defendants' business, and
21  storage area access information.

22      D.    The Permanent Receiver is authorized to copy any documents related
23  to Defendants' business practices, including by forensic imaging of electronically
24  stored information.  The Permanent Receiver is authorized to remove any
25  documents related to Defendants' business practices from the premises in order
26  that they may be inspected, inventoried, and copied.

27      E.    If any property, records, documents, or computer files relating to the
28  Receivership Defendants' finances or business practices are located in the

1  residence of any Defendant or are otherwise in the custody or control of any

2  Defendant, then such Defendant shall produce them to the Permanent Receiver

3  within twenty-four (24) hours of service of this Order.  In order to  prevent the

4  destruction of computer data, upon service of this Order, any such computers shall

5  be powered down (turned off) in the normal course for the operating systems used

6  on such computers and shall not be powered up or used again until produced for

7  copying and inspection, along with any codes needed for access.

8       F.     The Permanent Receiver is authorized, at its discretion, to remove the

9  Defendants' business documents and electronic records to a secure offsite location

10  for the purposes of storage.

11       G.     The Permanent Receiver is authorized to give Counsel for Plaintiff,

12  and their respective representatives, agents, contractors, or assistants, and

13  Defendants' counsel access to all client files and all other documents and electronic

14  records of the Receivership Defendants to inspect, inventory and copy the

15  documents and electronic records, at the parties' expense, subject to the

16  requirement that each party comply with the terms of the Protective Order

17  Regarding Receivership Defendants' Documents and Electronic Records provision

18  below.

19  ## PROTECTIVE ORDER

20  ## XXVII.  PROTECTIVE ORDER REGARDING RECEIVERSHIP
21  ## DEFENDANTS' DOCUMENTS AND ELECTRONIC RECORDS

22       **IT IS FURTHER ORDERED** that the use and dissemination by the

23  Receiver, Plaintiff and the Defendants of the Receivership Defendants' documents

24  and electronic records made available for inspection, inventorying, or copying

25  shall be subject to the following:

26       A.     Confidential Records shall not be disclosed by the Parties or the

27  Permanent Receiver, or made available by the Parties or the permanent Receiver to

28  any other person or entity, except to the following:

Case 8:09-cv-00770-DOC-AN   Document 50-2   Filed 07/29/2009   Page 27 of 66

1.    Attorneys in this action and their legal staff who have a need for access to the Confidential Records;

2.    Any expert or consultant retained by an attorney in this action for the purpose of consulting or testifying in this action, who has a need for access to the Confidential Records;

3.    Persons whom attorneys in this action depose in connection with their preparation to testify or during their depositions;

4.    Persons whom attorneys in this action expect to call as a witness in this action, in connection with their preparation to testify;

5.    The Court, staff, and personnel;

6.    Attorneys representing any of the Defendants in connection with any pending or threatened criminal proceeding or investigation or State Bar proceedings related to the allegations in this action and their legal staff who have a need for access to the Confidential Records;

7.    Law enforcement personnel, attorneys for law enforcement personnel and State Bar personnel who are provided the Confidential Records in connection with any pending or threatened criminal investigation or proceeding or State Bar proceedings related to the allegations in this action; and

8.    Any other person who is designated by stipulation of the Parties and the permanent Receiver, or by order of the Court.

The Parties and persons set out at paragraph A (1) through (8) are collectively referred to as the "Recipients."

B.    Recipients shall be subject to the following restrictions:

1.    Recipients shall not disclose, reveal, or transmit the Confidential Records, in whole or in part, to any other individual or entity, now or in the future, except as otherwise provided herein;

2.      Recipients shall take all steps necessary and appropriate to keep the Confidential Records in full and complete confidence, including storing and maintaining any Confidential Records in a manner that will prevent access to that information by unauthorized persons; and

3.      Recipients shall not copy, duplicate, transfer or reproduce, in whole or in part, the Confidential Records, except as necessary for purposes consistent with this Protective Order.

C.      Recipients other than Parties shall be advised of the Protective Order provisions of this Order and given a copy of this Order concurrently with their receipt of Confidential Records by the Permanent Receiver or the Parties providing the Confidential Records.

D.      Recipients shall use the Confidential Records solely in connection with this action, or as otherwise expressly provided in this Protective Order, and shall not use or reproduce any Confidential Records or any information derived therefrom for any other purpose.

E.      In the event any Confidential Records are used in this action, or in any other action or proceeding, they shall not lose their protected status under this Stipulation for Protective Order through such use.  Parties and the Receiver submitting filings in this action or in any other action or proceeding that makes use of Confidential Records shall file such Confidential Records under seal provided, however, that nothing in this Stipulation for Protective Order shall be construed to restrict or limit the liability of the Parties to use any of the Confidential Records when the Party:

1.      Obtains written permission from the client and the submission conforms with Local Rule 79-5.4;

2.      Files a redacted version of the document with unique identifiers (*e.g.,* 1, 2, 3 or A, B, C) used in place of the client's name and personal data identifiers, along with a reference list, filed under seal, indicating

Case 8:09-cv-00770-DOC-AN      Document 50-2      Filed 07/29/2009      Page 29 of 66

1      the client's name, complete personal data identifiers and unique

2      identifiers used in their place; or

3      3.    Obtains an order of the Court finding the documents are not

4      subject to this Stipulation for Protective Order.

5      F.    All Confidential Records shall be returned to the Receiver within sixty

6  (60) days of a final resolution of this action or any other action or proceeding for

7  which the Confidential Records were made available, as applicable, or the Plaintiff,

8  at its discretion, shall maintain the Confidential Records pursuant to Federal Trade

9  Commission regulations.  In the alternative, the Recipient shall certify that it has

10  destroyed all Confidential Records within its possession or control.

11      G.    The restrictions on the use of the Confidential Records and all

12  information derived therefrom set forth in this Stipulation for Protective Order

13  shall survive the conclusion of this action.

14  **NOTIFICATION AND MONITORING PROVISIONS**

15  **XXVIII. DISTRIBUTION OF ORDER BY DEFENDANTS**

16      **IT IS FURTHER ORDERED** that Defendants shall immediately provide a

17  copy of this Order to each affiliate, sales entity, successor, assign, member, officer,

18  employee, agent, servant, attorney, subsidiary, division, and representative of any

19  of the Defendants, and shall, within three (3) days from the date of entry of this

20  Order, provide the FTC with a sworn statement that Defendants have complied

21  with this provision of the Order, which statement shall include the names and

22  addresses of each such person or entity who received a copy of this Order.

23  **XXIX. SERVICE OF ORDER**

24      **IT IS FURTHER ORDERED** that copies of this Order may be served by

25  any means, including facsimile transmission, email, and overnight delivery service,

26  upon any financial institution or other entity or person that may have possession,

27  custody, or control of any documents or assets of any Defendant, or that may be

28  subject to any provision of this Order.  Pursuant to Fed. R. Civ. P. 4(c)(2), this

1   Order and the initial papers filed in this matter may be served on Defendants, upon

2   the business premises of Defendants, and upon any financial institution or other

3   entity or person that may have possession, custody, or control of any documents or

4   assets of any of the Defendants, or that may be subject to any provision of this

5   Order, by employees of the FTC, by employees of any other law enforcement

6   agency, by any agent of Plaintiff, or by any agent of any process service retained

7   by Plaintiff.

8   **XXX.  MONITORING**

9        **IT IS FURTHER ORDERED** that agents or representatives of Plaintiff

10  may contact the Defendants or their agents or representatives directly and

11  anonymously for the purpose of monitoring compliance with this Order, and may

12  tape-record any oral communications that occur in the course of such contacts.

13  **XXXI.  CORRESPONDENCE**

14       For the purposes of this Order, all correspondence and service of pleadings

15  on plaintiff shall be addressed to:

16                    James E. Elliott
                     James E. Hunnicutt
17                    Federal Trade Commission
                     Southwest Region
18                    1999 Bryan Street, Suite 2150
                     Dallas, Texas 75201-6808
19                    214 979-9373 (Elliott)
                     214 979-9381 (Hunnicutt)
20                    Fax: 214 953-3079
                     E-mail: jelliott@ftc.gov; jhunnicutt@ftc.gov.
21

22  **XXXII.  RETENTION OF JURISDICTION**

23       **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this

24  matter for all purposes.

25

26

27

28

1    **IT IS SO ORDERED:**

2

3    **ENTERED:**  this _24_ day of August, 2009, at _11:00_ o'clock a.m./~~p.m.~~, at Santa

4    Ana, California.

5

6

7    _Edward O. Carter_

8    **DAVID O. CARTER**
     **UNITED STATES DISTRICT JUDGE**

9

10

11

12    _[signature]_

13    _(For Plaintiff FTC_

14

15

16

17

18    _Defendants_      Dre

19    _except No Records to be turned over_

20    _To FTC Without court order by stipulation_

21    _LJ Is ordered by court that FTC_

22    _May examine Records_

23

24

25

26

27

28

# ATTACHMENT A

## FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

### Instructions:

1.      Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2.      "Dependents" include your live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3.      "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

4.      Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5.      Type or print legibly.

6.      Initial each page in the space provided in the lower right corner.

7.      Sign and date the completed financial statement on the last page.

### Penalty for False Information:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

<u>Item 1.</u>        **Information About You**

Your Full Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____ Drivers License No. _____

Current Address _____ From (Date) _____

Rent or Own? _____ Telephone No. _____ Facsimile No. _____

E-Mail Address _____ Internet Home Page _____

Previous Addresses for past five years:

Address_____ Rent or Own?_____ From/Until_____

Address_____ Rent or Own?_____ From/Until_____

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they

were used_____

<u>Item 2.</u>        **Information About Your Spouse or Live-In Companion**

Spouse/Companion's Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____

Identify any other name(s) and/or social security number(s) your spouse/companion has used, and the time period(s)

during which they were used _____

Address (if different from yours) _____

From (Date) _____ Rent or Own?_____ Telephone No._____

Employer's Name and Address _____

Job Title _____ Years in Present Job _____ Annual Gross Salary/Wages $_____

<u>Item 3.</u>        **Information About Your Previous Spouse**

Previous Spouse's Name & Address _____

_____ Social Security No. _____ Date of Birth _____

<u>Item 4.</u>        **Contact Information**

Name & Address of Nearest Living Relative or Friend _____

_____ Telephone No. _____

**Item 5.**        **Information About Dependents Who Live With You**

‣Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

‣Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

‣Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

**Item 6.**        **Information About Dependents Who Do Not Live With You**

‣Name & Address _____

Date of Birth _____ Relationship _____ Social Security No._____

‣Name Address _____

Date of Birth _____ Relationship _____ Social Security No._____

‣Name & Address _____

Date of Birth _____ Relationship _____ Social Security No._____

**Item 7.**        **Employment Information**

Provide the following information for this year-to-date and for each of the previous five full years, for each company of which you were a director, officer, employee, agent, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, draws, consulting fees, loans, loan payments, dividends, royalties or other benefits for which you did not pay (*e.g.*, health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

‣Company Name & Address _____

Dates Employed: From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

**Item 7. continued**

Income Received:  This year-to-date:  $_____          _____: $_____

                 20_____ :  $_____          _____: $_____

               _____ :  $_____          _____: $_____

▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received:  This year-to-date:  $_____          _____: $_____

                 20_____ :  $_____          _____: $_____

               _____ :  $_____          _____: $_____

▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received:  This year-to-date:  $_____          _____: $_____

                 20_____ :  $_____          _____: $_____

               _____ :  $_____          _____: $_____

<u>Item 8.</u>          **Pending Lawsuits Filed by You or Your Spouse**

List all pending lawsuits that have been filed by you or your spouse in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

<u>Item 9.</u>          **Pending Lawsuits Filed Against You or Your Spouse**

List all pending lawsuits that have been filed against you or your spouse in court or before an administrative agency. (List

lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

**Item 10.**          **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**Item 11.**          **Business Interests**

List all businesses for which you, your spouse, or your dependents are an officer or director.

▸Business' Name & Address _____

Business Format (*e.g.*, corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

▸Business' Name & Address _____

Business Format (*e.g.*, corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

▸Business' Name & Address _____

Business Format (*e.g.*, corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

Initials _____

## FINANCIAL INFORMATION: ASSETS AND LIABILITIES

**REMINDER:** **"Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.**

<u>**Item 12.**</u>　　　　　　**Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.  The term "cash" includes currency and uncashed checks.

Cash on Hand  $_____     Cash Held For Your Benefit  $_____

| Name on Account | Name & Address of Financial Institution | Account No. | Current Balance |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

<u>**Item 13.**</u>　　　　　　**U.S. Government Securities**

List all U.S. Government securities, including but not limited to, savings bonds, treasury bills, and treasury notes, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Name on Account | Type of Obligation | Security Amount | Maturity Date |
|---|---|---|---|
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |

<u>**Item 14.**</u>　　　**Publicly Traded Securities and Loans Secured by Them**

Initials _____

List all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

‣Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

‣Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

<u>Item 15.</u>      **Other Business Interests**

List all other business interests, including but not limited to, non-public corporations, subchapter-S corporations, limited liability corporations ("LLCs"), general or limited partnership interests, joint ventures, sole proprietorships, and oil and mineral leases, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

‣Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

‣Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

<u>Item 16.</u>      **Monetary Judgments or Settlements Owed to You, Your Spouse, or Your Dependents**

List all monetary judgments or settlements owed to you, your spouse, or your dependents.

‣Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

‣Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____
<u>Item 17.</u>      **Other Amounts Owed to You, Your Spouse, or Your Dependents**

Initials _____

List all other amounts owed to you, your spouse, or your dependents.

Debtor's Name, Address, & Telephone No. _____

Original Amount Owed $_____   Current Amount Owed $_____   Monthly Payment $_____

#### Item 18.        Life Insurance Policies

List all life insurance policies held by you, your spouse, or your dependents.

‣Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____   Beneficiary _____   Face Value $_____

Policy No. _____   Loans Against Policy $_____   Surrender Value $_____

‣Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____   Beneficiary _____   Face Value $_____

Policy No. _____   Loans Against Policy $_____   Surrender Value $_____

#### Item 19.        Deferred Income Arrangements

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, and other retirement accounts, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

‣Name on Account _____   Type of Plan _____   Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____   Surrender Value $_____

‣Name on Account _____   Type of Plan _____   Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____   Surrender Value $_____

#### Item 20.        Personal Property

List all personal property, by category, whether held for personal use or for investment, including but not limited to,

Initials _____

furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |

**Item 21.**        **Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles**

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▶Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

▶Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

**Item 21.  Continued**

▶Vehicle Type _____ Make _____ Model _____ Year _____

Initials _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

**Item 22.**     **Real Property**

List all real estate held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

‣Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

‣Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

**Item 23.**     **Credit Cards**

List each credit card held by you, your spouse, or your dependents.  Also list any other credit cards that you, your spouse, or your dependents use.

Initials _____

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance | Minimum Monthly Payment |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

**Item 24.**      **Taxes Payable**

List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependants.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |
| | $ | |

**Item 25.**      **Judgments or Settlements Owed**

List all judgments or settlements owed by you, your spouse, or your dependents.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

Initials _____

<u>Item 26.</u>        **Other Loans and Liabilities**

List all other loans or liabilities in your, your spouse's, or your dependents' names.

►Name & Address of Lender/Creditor _____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____

►Name & Address of Lender/Creditor _____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____


### OTHER FINANCIAL INFORMATION

<u>Item 27.</u>        **Tax Returns**

List all federal tax returns that were filed during the last three years by or on behalf of you, your spouse, or your dependents. *Provide a copy of each signed tax return that was filed during the last three years.*

| <u>Tax Year</u> | <u>Name(s) on Return</u> | <u>Refund Expected</u> |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

<u>Item 28.</u>        **Applications for Credit**

List all applications for bank loans or other extensions of credit that you, your spouse, or your dependents have submitted within the last two years. *Provide a copy of each application, including all attachments.*

| <u>Name(s) on Application</u> | <u>Name & Address of Lender</u> |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

<u>Item 29.</u>        **Trusts and Escrows**

Page 12                                                                      Initials _____

List all funds or other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents.  Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity.  *Provide copies of all executed trust documents.*

| Trustee or Escrow Agent's Name & Address | Date Established | Grantor | Beneficiaries | Present Market Value of Assets |
|---|---|---|---|---|
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |

**Item 30.**        **Transfers of Assets**

List each person to whom you have transferred, in the aggregate, more than $2,500 in funds or other assets during the previous three years by loan, gift, sale, or other transfer.  For each such person, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |

Page 13                                        Initials _____

## SUMMARY FINANCIAL SCHEDULES

**Item 31.**      **Combined Balance Sheet for You, Your Spouse, and Your Dependents**

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| Cash on Hand (Item 12) | $_____ | Credit Cards (Item 23) | $_____ |
| Cash in Financial Institutions (Item 12) | $_____ | Motor Vehicles - Liens (Item 21) | $_____ |
| U.S. Government Securities (Item 13) | $_____ | Real Property - Encumbrances (Item 22) | $_____ |
| Publicly Traded Securities (Item 14) | $_____ | Loans Against Publicly Traded Securities (Item 14) | $_____ |
| Other Business Interests (Item 15) | $_____ | Taxes Payable (Item 24) | $_____ |
| Judgments or Settlements Owed to You  (Item 16) | $_____ | Judgments or Settlements Owed (Item 25) | $_____ |
| Other Amounts Owed to You (Item 17) | $_____ | Other Loans and Liabilities (Item 26) | $_____ |
| Surrender Value of Life Insurance (Item 18) | $_____ | | |
| Deferred Income Arrangements (Item 19) | $_____ | Other Liabilities (Itemize) | |
| Personal Property (Item 20) | $_____ | _____ | $_____ |
| Motor Vehicles (Item 21) | $_____ | _____ | $_____ |
| Real Property (Item 22) | $_____ | _____ | $_____ |
| | | _____ | $_____ |
| Other Assets (Itemize) | | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| Total Assets | $_____ | Total Liabilities | $_____ |

Initials _____

**Item 32.**      **Combined Average Monthly Income and Expenses for You, Your Spouse, and Your Dependents for the Last 6 Months**

Provide the average monthly income and expenses for you, your spouse, and your dependents for the last 6 months.  Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| INCOME | | EXPENSES | |
|---|---|---|---|
| Salary - After Taxes | $_____ | Mortgage Payments for Residence(s) | $_____ |
| Fees, Commissions, and Royalties | $_____ | Property Taxes for Residence(s) | $_____ |
| Interest | $_____ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $_____ |
| Dividends and Capital Gains | $_____ | Car or Other Vehicle Lease or Loan Payments | $_____ |
| Gross Rental Income | $_____ | Food Expenses | $_____ |
| Profits from Sole Proprietorships | $_____ | Clothing Expenses | $_____ |
| Distributions from Partnerships, S-Corporations, and LLCs | $_____ | Utilities | $_____ |
| Distributions from Trusts and Estates | $_____ | Medical Expenses, Including Insurance | $_____ |
| Distributions from Deferred Income Arrangements | $_____ | Other Insurance Premiums | $_____ |
| Social Security Payments | $_____ | Other Transportation Expenses | $_____ |
| Alimony/Child Support Received | $_____ | Other Household Expenses | $_____ |
| Gambling Income | $_____ | | |
| | | Other Expenses (Itemize) | |
| Other Income (Itemize) | | | |
| | | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| Total Income | $_____ | Total Expenses | $_____ |

Initials _____

<u>**ATTACHMENTS**</u>

<u>Item 33.</u>          **Documents Attached to this Financial Statement**

List all documents that are being submitted with this financial statement.

<u>Item No. Document
Relates To</u>                                              <u>Description of Document</u>

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

        I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:


_____          _____
(Date)                                              Signature

# ATTACHMENT B

## FEDERAL TRADE COMMISSION

### FINANCIAL STATEMENT OF CORPORATE DEFENDANT

<u>Instructions</u>:

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2. In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

3. When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

4. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number being continued.

5. Type or print legibly.

6. An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

<u>Penalty for False Information</u>:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

**Item 1.**        **General Information**

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

 E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

**Item 2.**        **Legal Information**

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status:  Active _____ Inactive _____ Dissolved _____

If Dissolved:  Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

**Item 3.**        **Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

**Item 4.**  **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

| Name & Address | % Owned |
|---|---|
| | |
| | |
| | |
| | |

**Item 5.**  **Board Members**

List all members of the corporation's Board of Directors.

| Name & Address | % Owned | Term (From/Until) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

**Item 6.**  **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

| Name & Address | % Owned |
|---|---|
| | |
| | |
| | |
| | |
| | |

Initials _____

**Item 7.**        **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

| Name & Address | Business Activities | % Owned |
|---|---|---|
| | | |
| | | |
| | | |

State which of these businesses, if any, has ever transacted business with the corporation _____

_____

**Item 8.**        **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

| Individual's Name | Business Name & Address | Business Activities | % Owned |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

State which of these businesses, if any, have ever transacted business with the corporation _____

_____

**Item 9.**        **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date. A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

| Name and Address | Relationship | Business Activities |
|---|---|---|
| | | |
| | | |
| | | |

Initials _____

Item 10.       **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|------|-----------|---------|---------|
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |

Item 11.       **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|-----------------------------------|------------------|
|                                   |                  |
|                                   |                  |
|                                   |                  |
|                                   |                  |

Item 12.       **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
|      |           |         |
|      |           |         |
|      |           |         |
|      |           |         |
|      |           |         |

Initials _____

<u>Item 13.</u>        **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Initials _____

<u>Item 14.</u>        **Current Lawsuits Filed Against the Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Initials _____

<u>Item 15.</u>        **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

<u>Item 16.</u>            **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

| <u>Owner's Name</u> | <u>Name & Address of Depository Institution</u> | <u>Box No.</u> |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## FINANCIAL INFORMATION

**REMINDER:  When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

<u>Item 17.</u>        **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| <u>Federal/ State/Both</u> | <u>Tax Year</u> | <u>Tax Due Federal</u> | <u>Tax Paid Federal</u> | <u>Tax Due State</u> | <u>Tax Paid State</u> | <u>Preparer's Name</u> |
|---|---|---|---|---|---|---|
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |

<u>Item 18.</u>        **Financial Statements**

Initials _____

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|------|---------------|-------------------------|---------------------|---------------------------|----------|
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |

**Item 19.**       **Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 17 above, provide the following summary financial information.

| | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|---|---|---|---|---|
| Gross Revenue | $ | $ | $ | $ |
| Expenses | $ | $ | $ | $ |
| Net Profit After Taxes | $ | $ | $ | $ |
| Payables | $ | | | |
| Receivables | $ | | | |

**Item 20.**       **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____   Cash Held for the Corporation's Benefit $_____

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |
|  |  |  | $ |
|  |  |  | $ |

**Item 21.**       **Government Obligations and Publicly Traded Securities**

Initials _____

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation. Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

**Item 22.**      **Real Estate**

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

**Item 23.**      **Other Assets**

Initials _____

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

## Item 24.        Trusts and Escrows

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

## Item 25.        Monetary Judgments and Settlements Owed To the Corporation

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____


**Item 26.**        **Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

**Item 27.**        **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Case 8:09-cv-00770-DOC-AN      Document 50-2      Filed 07/29/2009      Page 62 of 66

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

## Item 28.        Credit Cards

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

| Name of Credit Card or Store | Names of Authorized Users and Positions Held |
| --- | --- |
| | |
| | |
| | |
| | |
| | |

## Item 29.        Compensation of Employees

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
| --- | --- | --- | --- | --- |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

## Item 30.        Compensation of Board Members and Officers

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

**Item 31.**        **Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (*e.g.*, Loan, Gift) |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |

**Item 32.**        **Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

Item No. Document   Description of Document
Relates To

Initials _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____                    _____
(Date)                                                        Signature

                                                             _____
                                                             Corporate Position

# ATTACHMENT C

## Consent to Release of Financial Records

I, _____, of the State of _____ in the United States of America, do  direct any bank or trust company at which I have a bank account of any kind or at which a corporation or other entity has a bank account of any kind upon which I am authorized to draw, and its officers, employees and agents, to disclose all information and deliver copies of all documents of every nature in your possession or control which relate to the said bank accounts to any attorney of the Federal Trade Commission, and to give evidence relevant thereto, in the matter of the *Federal Trade Commission v. LucasLawCenter, "incorporated", et al.*, Civ. Action No. SACV 09-0770 DOC (ANx), now pending in the United States District Court for the Central District of California, and this shall be irrevocable authority for so doing.  This direction is intended to apply to the laws of countries other than the United States which restrict or prohibit the disclosure of bank information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the bank accounts for which I may be a relevant principal.

Dated:                    August _____, 2009

Signature:               _____

Printed full name:    _____