UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6, O

**CIVIL MINUTES - GENERAL**

Case No. SACV 09-0770 DOC (ANx)            Date: November 29, 2010

Title: FEDERAL TRADE COMMISSION v. LUCAS LAWCENTER INC. et. al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                          NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING IN PART AND DENYING IN PART MOTION, *INTER ALIA*, TO WIND UP ESTATE

       Before the Court is a Motion by the Receiver Robb Evans & Associates ("Receiver") For Order (1) Approving Receiver's Final Report and Accounting, (2) Approving and Authorizing Payment of Receiver's and Counsel's Fees and Expenses From October 1, 2009 through Closing, (3) Discharging Receiver and Relieving Receiver of all Duties and Liabilities, (4) Exonerating Receiver's Bond, (5) Authorizing Abandonment and Destruction of Records, Abandonment of Equipment and Wind-up of Estate, and (6) Limiting Notice Under Local Rule 66-7 ("Motion") (Docket 218). The Court is also in receipt of Oppositions to the Receiver's Motion filed by non-party Electronic Cash Systems Inc. and Defendant Paul Jeffrey Lucas. After considering the moving, opposing and replying papers thereon, and for the reasons stated below, the Court hereby GRANTS in part and DENIES in part the Receiver's Motion.

       **I.**        **BACKGROUND**

       On July 24, 2009, the Court appointed Robb Evans & Associates as the Receiver for Lucas Lawcenter Inc. ("Lucas Lawcenter"), following charges by Plaintiff the Federal Trade Commission ("FTC") that the receivership estate had violated various laws in connection with Lucas Lawcenter's provision of mortgage loan modification services. The Court entered final judgment in favor of the FTC on June 25, 2010 (Docket 201). On November 9, the Court denied a Motion to Set Aside Judgment filed by Defendant Paul Jeffrey Lucas ("Lucas") (Docket 237).

The Receiver brings the current Motion seeking to wind-up the receivership estate and to discharge his responsibilities to the estate. Lucas objects to certain provisions of the Receiver's Motion, as does non-party Electronic Cash Systems, Inc. ("ECS"). ECS was the credit card processor for charges made by third parties to Lucas Lawcenter. ECS previously sought court permission for leave to sue the Receiver, as a result of damages incurred by the Receiver's alleged failure to investigate chargeback requests received by ECS ("Motion for Leave to Sue") (Docket 127). On May 19, 2010, the Court denied ECS's Motion for Leave to Sue while the FTC action was ongoing ("May 19 Order") (Docket 168). In the current Motion, the Receiver requests that the Court discharge him from any liability to ECS.

## II. DISCUSSION

### Objections to the Receiver's Motion

Three sections of the Receiver's Motion generated objections, either from ECS or from Lucas. The Court will discuss each of these objected-to provisions in turn.

### Discharging the Receiver From Liability

In the instant Motion, the Receiver asks the Court to issue an order exonerating the Receiver from any personal liability to ECS. ECS strenuously objects to this request.

**As noted in the May 19 Order, receivers have qualified immunity from personal liability for actions that are taken within their receivership authority.** *Morrison-Knudsen Co. v. CHG Int'l*, **811 F.2d 1209, 1222 (9th Cir. 1987). Receivers act as an arm of the Court, similar to bankruptcy trustees, and thus enjoy quasi-judicial immunity.** *See Curry v. Castillo*, **297 F.3d 940 (9th Cir. 2002) (holding trustee not liable for negligent failure to calendar and give notice of hearing, applying principles of quasi-judicial immunity). In the course of their duties, receivers, like trustees, "are often obliged to make difficult business judgments and the best that disinterested judgment can accomplish with foresight may be open to serious criticism by obstreperous creditors aided by hindsight."** *Mosser v. Darrow*, **341 U.S. 267, 274 (1951). As such, "[c]ourts are quite likely to protect trustees against heavy liabilities for disinterested mistakes in business judgment."** *Id. See also In re Cochise College Park, Inc*. **703 F.2d 1339, 1357 (9th Cir. 1983) (stating that "a trustee is not liable in any manner for mistakes in judgment where discretion is allowed").**

**Receivers cannot be sued without leave of court for actions taken within the scope of their receivership duties.** *See, e.g., Barnette v. Wells Fargo Nevada Nat. Bank*, **270 U.S. 438, 439 (1926). In light of the principles discussed above, the Court refuses to grant ECS leave to sue the Receiver in this case, at least with respect to actions taken within the scope of the Receiver's court-derived authority. Accordingly, the Court GRANTS the Receiver's Motion to the extent**

that the Receiver seeks a discharge of liability for such acts.

Where, however, a receiver acts beyond the scope of its court-derived authority, court approval is not required to sue. *See Anes v. Crown Partnership Inc.*, 113 Nev. 195, 200 (1997). As court approval is not needed for suits concerning actions taken outside the Receiver's official capacity, the Court cannot grant the Receiver *ex ante* immunity for any such hypothetical claims. Therefore, to the extent that the Receiver seeks immunity for actions taken outside the scope of his court-derived authority, the Receiver's request must be denied, as the Court lacks the power to grant such a request.

In this case, all of ECS's factual allegations appear to concern actions taken within the scope of the Receiver's court-derived authority. As a practical matter, then, the instant Order should exonerate the Receiver of all claims actually asserted against him by ECS thus far. However, because the Court does not have the power to grant *ex ante* blanket immunity for claims predicated on acts outside the Receiver's official duties, the Court DENIES the Receiver's Motion to the extent that the Receiver seeks to exonerate himself from potential liability for actions falling outside the scope of his court-derived authority.

### Request for Fees

ECS further moves the Court to reduce the Receiver's request for attorneys' fees in order to exclude expenses incurred in opposing ECS's previous Motion for Leave to Sue. The Court declines to do so. As explained above, the allegations underlying ECS's Motion for Leave to Sue concerned the Receiver in his official capacity. Filing such a suit is equivalent to filing suit against the receivership estate itself. *See, e.g. Vitug v. Griffin*, 214 Cal. App. 3d 488, 496 (1989). Because ECS's Motion for Leave to Sue could have implicated receivership assets, the use of receivership funds to oppose ECS's Motion for Leave to Sue was entirely proper. The Court will not reduce the payment of attorneys' fees to exclude these expenses.

Defendant Lucas also lodged a generalized objection to the Receiver's request for fees, describing the fees as "excessive, fraudulent, and unconscionable." Lucas's Opp. at 3. The Court disagrees with Lucas's characterization. For the period from October 1, 2009 through May 31, 2010, the Receiver seeks $37,1849.06 in his own fees and $2,684.91 in his own costs, as well as $3,786.14 in attorneys' fees. The Receiver further estimates fees of $33,019.16 for the wind-up of the estate, which includes the costs of tax return preparation. In support of this fee request, the Receiver has submitted a detailed accounting. A review of the accounting reveals no irregularities and the amount requested by the Receiver is reasonable in light of the work performed.

Therefore, the Receiver's request for payment of Receiver's and counsel's fees is GRANTED.

### Approval of Report and Accounting

The Receiver further requests approval of its final report and accounting. Lucas objects to this request, asserting that the "purported accounting is vague, overbroad and not supported by sufficient information." Lucas's Opp. at 3. However, Lucas does not offer any specifics in support of this charge. Further, the Court's review of the Receiver's report and accounting reveals no irregularities. The Receiver has supported its accounting with sufficient details.

Accordingly, the Receiver's Motion for approval of its final report and accounting is GRANTED.

### The Remainder of the Motion

The Court received no objections to the remainder of the Receiver's Motion. Likewise, an independent review of the Motion by the Court reveals no cause for concern. Two of the Receiver's requests, however, merit note.

### Affirmative Search of Client Files

The Receiver seeks an order clarifying that the Receiver need not affirmatively search for customer records in the estate's client files. In support of this request, the Receiver contends that the imposition of any such affirmative duty would deplete the already-limited assets of the estate. The Receiver also states that, given the nature of the loan modification services that were supposed to be provided by the receivership defendants, no original documents are likely to be in the possession of the estate. In addition, the Receiver contends that, given that the receivership has been pending for over one year, any original records required by consumer clients likely would have already been requested and returned. The Court agrees with the Receiver that, given the circumstances of this case, an affirmative obligation to search for client records would constitute an ineffective use of receivership funds.

As such, the Receiver's request for authority to wind up the estate without affirmatively searching for customer records in the estate files is GRANTED.

### Individualized Notice to Consumer Creditors

The Receiver further requests that its Motion be granted without requiring the Receiver to give written notice of the hearing on the Motion to the estate's consumer creditors. In support of this request, the Receiver cites the large number of potential consumer creditors and the resulting high costs of individualized notice as compared to the estate's limited assets. Pursuant to Local Rule 66-8, a receiver is directed to administer receivership estates "as nearly as possible in accordance with the practice in the administration of estates in bankruptcy." In bankruptcy proceedings, requests to limit

individual notices are granted in appropriate circumstances. *See, e.g. In re First Alliance Mortgage Co.,* 269 B.R. 428, 442 (C.D. Cal. 2001). The Court finds that limiting individualized notice is reasonable under the circumstances present here.

Therefore, the Receiver's request for permission to wind up the estate without providing individualized notice to consumer creditors is GRANTED.

### Remainder of the Motion

The Court finds the remainder of the requests put forth by the Receiver in his Motion to be reasonable. The remainder of the Receiver' Motion is GRANTED.

### III.    DISPOSITION

For the reasons stated above, the Receiver's Motion is hereby GRANTED, except to the possible extent that the Receiver seeks a discharge of personal liability to ECS for actions falling outside his Court-derived authority. Any such request is DENIED.

The Clerk shall serve this minute order on all parties to the action.